**XIU YING LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70650.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2007.

Filed May 16, 2007.

Albert S. Chow, Law Offices of Albert S. Chow, Alhambra, CA, for Petitioner.

Pamela J. Derusha, Andrew S. Biviano, Esq., Office of the U.S. Attorney, Spokane, WA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

John C. Cunningham, Esq., Ann Carroll Vernon, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

Xiu Ying Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004). We review the IJ's factual findings for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility determination based on discrepancies between Lin's testimony regarding the beating of her grandmother and the medical records submitted by Lin. *See id.* at 1043 (stating that even one inconsistency that is not minor can be sufficient to establish that the IJ's determination is based on substantial evidence). Lin was asked about the discrepancy and she failed to provide a satisfactory explanation. *See de Leon–Barrios v. INS,* 116 F.3d 391, 393–94 (9th Cir.1997) (where discrepancies that are central to the claim are present and no satisfactory explanation has been provided, substantial evidence supports the adverse credibility finding). Accordingly, we must defer to the IJ's credibility determination and uphold the denial of asylum relief.

In her opening brief, Lin did not address, and therefore has waived any challenges to, the IJ's determination that she is ineligible for withholding of removal and CAT protection. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding that issues that are not specifically raised and argued in the opening brief are waived).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.